UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-8035-WM

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

JOSHUA CAMERON WARNOCK,

                Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

    Yes      X **No**

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

    Yes      X **No**

3. Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

    Yes      X **No**

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office: (561) 820-8711
John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 23-8035 WM |
| JOSHUA CAMERON WARNOCK | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED BY ___SW___ D.C.

**Jan 20, 2023**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _01/08/2023_ in the county of _Palm Beach_ in the _Southern_ District of _Florida_, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1752(a)(1), 1752(b)(2) | Knowingly Entering or Remaining in a Restricted Building or Grounds |

This criminal complaint is based on these facts:

Please see attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

John Lear, Special Agent, U.S. Secret Service
*Printed name and title*

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date: _01/20/2023_

_____
*Judge's signature*

City and state: _West Palm Beach, Florida_         Hon. William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT
## Case No. 23-8035-WM

Your affiant, John Lear, first being duly sworn, does hereby depose and state as follows:

1. I am a Special Agent (SA) of the United States Secret Service (USSS), and I have been so employed since July 2021. Prior to this I was an Officer in the USSS Uniformed Division (UD) for 10 years performing law enforcement and protective assignments at the White House and various protective sites around the country. I am currently assigned as a Criminal Investigator to the West Palm Beach Resident Office. As part of my assignment, I investigate both financial and protection-based crimes. I have received extensive training as a USSS UD officer and Special Agent in the investigation of counterfeit currency, identity theft, bank fraud, and access device fraud, as well as in USSS protection-based law enforcement and investigation of threating statements and/or actions toward USSS protected persons and USSS secured grounds and buildings at both the Federal Law Enforcement Training Center (FLETC) in Georgia and the James J. Rowley Training Center in Maryland. I am an investigative or law enforcement officer of the United States, in that I am empowered by law to conduct investigations and to make arrests for criminal offenses, under the authority of Title 18, United States Code, Section 3056.

2. The information in this affidavit is based on my personal knowledge and information obtained from other law enforcement personnel, and other individuals who have personal knowledge of the facts. The information set forth herein is provided solely for the purpose of establishing probable cause in support of the criminal complaint charging Joshua Cameron Warnock, with unlawfully entering a restricted building or grounds, in violation of Title 18, United States Code, Section 1752. Because this affidavit is submitted for the limited purpose of establishing probable cause, it does not purport to include all the details of the investigation of which I am aware.

3.  Based on my training and experience, I am aware that Title 18, United States Code, Section 1752(a)(1) prohibits any person "knowingly enter[ing] or remain[ing] in any restricted building or grounds without lawful authority to do so." Section 1752(c)(1) defines "restricted building or grounds" as "any posted, cordoned off, or otherwise restricted area ... (B) of a building or grounds where [a] person protected by the Secret Service is or will be temporarily visiting."

4.  Beginning in January of 2021, a Protective Zone around the property known as the Mar-a-Lago Club, located at 1100 South Ocean Blvd., Palm Beach, which your affiant knows to be located in Palm Beach County and the Southern District of Florida, was established to secure the buildings and grounds for former President of the United States Donald J. Trump, while the former President is in residence at that location. Throughout this property and the area surrounding Mar-a-Lago area are prominently placed USSS restricted access signs. USSS personnel in clearly



marked USSS police attire, and private club security personnel, are present at all designated entry points of the walled and gated property to conduct screening and control access onto the grounds of Mar-a-Lago. In order to gain access to the grounds or approach the personnel, any individual attempting to gain entry to Mar-a-Lago must pass a prominently displayed sign, pictured below (Referred to as "restricted access warning signs" herein).

5. Your affiant is personally aware that at all times material hereto, that is, on January 8, 2023, former President of the United States (FPOTUS), Donald J. Trump, a person protected by the United States Secret Service, was present at the Mar-a-Lago property located in Palm Beach County and the Southern District of Florida.

6. On Sunday, January 8, 2023, at approximately 12:00 p.m., Joshua Cameron WARNOCK (WARNOCK) approached the Mar-a-Lago main gate, with a restricted access warning sign displayed, and spoke to a USSS SA, who was wearing attire prominently displaying U.S. Secret Service marked police identifiers, and attempted to gain entry to Mar-a-Lago. When WARNOCK was unable to establish he was an invited guest to the property, the SA informed WARNOCK that Mar-a-Lago is a restricted area and that he needed to leave the area. WARNOCK refused to depart, insisting he needed to speak with FPOTUS Trump. A Palm Beach Police Department (PBPD) motorcycle unit that was passing by the main gate at the time stopped to assist the USSS SA. The PBPD Officer also informed WARNOCK he needed to leave the restricted area several times. WARNOCK continued to refuse.

7. WARNOCK was escorted away from the main gate to Woodbridge Road and South Ocean Blvd by USSS and PBPD personnel. A secondary recorded interview was then conducted by another USSS SA who explained again that Mar-a-Lago was private restricted property and that he could not stay and needed to leave the area. WARNOCK was then issued a verbal and

3

written Trespass Warning by the Palm Beach Police Department. At the conclusion of the interview WARNOCK was transported to a location off premises by PBPD and told again in the recorded interaction that if he returned to the restricted area he would be arrested.

8. On Sunday, January 8, 2023, at approximately 6:04 p.m., a USSS SA was posted on complex at Mar-A-Lago, and approached an unknown individual who the SA observed walking up the pool deck staircase adjacent to the family suite. The USSS SA immediately made contact with the individual, who was identified as Joshua WARNOCK and detained him. Additional USSS personnel responded, and WARNOCK was then searched and placed under arrest, and notifications were made to Palm Beach Police (PBPD).

9. PBPD took custody of WARNOCK on state trespassing charges and transported him to the town of Palm Beach jail without incident. In a recorded interview at the jail, after having been advised of his *Miranda* rights, WARNOCK stated in an interview that he "climbed up a big step" to get to the "front yard" and made his way toward the pool. USSS Investigation revealed WARNOCK gained access by jumping over a concrete ledge clearly dividing the Mar-A-Lago property from a public area along Southern Boulevard, and necessarily passed a prominently posted restricted access warning sign, to gain access to the grounds.

10. Based upon the foregoing, your affiant respectfully submits that there is probable cause to charge defendant Joshua WARNOCK with having knowingly entered and remained in a restricted building and grounds, that is, the grounds of Mar-a-Lago, as defined under Title 18,

United States Code, Section 1752(c)(1)(B), in violation of Title 18, United States Code, Sections 1752(a)(1) and 1752(b)(2).

                FURTHER YOUR AFFIANT SAYETH NAUGHT.

                John Lear
                Special Agent
                United States Secret Service

SWORN AND ATTESTED TO ME BY
APPLICANT VIA TELEPHONE (FACETIME)
PURSUANT TO FED. R. CRIM. P. 4(d) AND 4.1
THIS 20th DAY OF JANUARY, 2023.

**HON. WILLIAM MATTHEWMAN**
**UNITED STATES MAGISTRATE JUDGE**

5

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** JOSHUA CAMERON WARNOCK

**Case No:** 23-8035-WM

Count #: 1
Knowingly Entering or Remaining in a Restricted Building or Grounds
Title 18, United States Code, Sections 1752(a)(1) and 1752(b)(2)

* **Max. Term of Imprisonment: 1 year, or up to 5 years' probation[1]**
* **Mandatory Min. Term of Imprisonment (if applicable): not applicable**
* **Max. Supervised Release: 1 year[2]**
* **Max. Fine: $100,000[3]**
* **Special Assessment: $25.00[4]**

---

1 *See* 18 USC § 3561(c)(2)
2 *See* 18 USC § 3583(b)(3)
3 *See* 18 USC § 3571(b)(5)
4 *See* 18 USC § 3013(a)(1)(A)(iii)

\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.